# STATE OF FLORIDA v MONSERRATE

Thirteenth Judicial Circuit, Hillsborough County

September 18, 1989

## APPEARANCES OF COUNSEL

**Clay Yates, Esquire,** Assistant State Attorney, for plaintiff.

**Jeffrey S. Weiner, Esquire,** for defendant.

## OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

### *ORDER ON DEFENDANT'S MOTION TO COMPEL TESTIMONY OF INFORMANT AND STATE'S MOTION FOR REHEARING AND CLARIFICATION*

On September 8, 1989 this Court conducted a hearing in this case as to certain pending pre-trial motions. The motion which is the subject of

this Order is styled "Motion to Compel Testimony of Informant, Angel Fernandez, or, in the Alternative, to DIsmiss the Instant Case." Present at the Motion hearing was the Defendant's attorney, Jeffrey S. Weiner, and Assistant State Clay Yates representing the interests of the State of Florida.

During the course of the hearing the Court considered the following evidence:

1. Stipulation of facts agreed to by the State and the Defendant.

2. Transcripts of three proceedings held in connection with the case of the *State of Florida v Angel Fernandez,* 88-5552-X, on December 16, 1988, April 6, 1989 and April 18, 1989. These transcripts have been made a part of the record in this case.

3. Defendant's Exhibits No. 1 and 2 which represent what are commonly referred to as "Letters of Release" relating to *State of Florida v Nubia Gonzalez,* (Case No. 89-3421) and *State of Florida v Sandro Echeverri,* (Case No. 89-3434) who at one time were co-defendants of the Defendant.

4. Representations of Assistant State Attorney Caroline Capusta who was assigned the prosecution of Angel Fernandez.

5. Testimony of Detective William Stark of the Hillsborough County Sheriff's Office who was the law enforcement officer who worked directly with Angel Fernandez while Mr. Fernandez was a confidential informant for the State of Florida.

6. Various documents filed of record in the Court file, i.e., State of Florida's Notice of Discovery filed April 3, 1989 and certain subpoenas for trial issued by the State of Florida directed to C. I. 89-017 (it was agreed that this referred to Angel Fernandez) filed May 3, 1989, June 6, 1989, July 12, 1989 and August 2, 1989.

7. Pre-trial deposition of Angel Fernandez taken on July 31, 1989 which was made part of the record in this case.

Following the hearing and arguments of counsel the Court announced certain findings of fact and conclusions of law, orally granted the Defendant's Motion pursuant to *State v Montgomery,* 467 So.2d 387 (3rd D.C.A. Fla. 1985) and then entered a written "Order" granting the Defendant's Motion and adopting all of its oral findings of fact and conclusions of law as a part of the Order. The substance of the Court's Order granting the Defendant's Motion to Compel was that if the State of Florida did not grant use immunity to Angel Fernandez so that he could be deposed by the Defendant pre-trial and testify at

**179**

the Defendant's trial, the State would suffer a judgment of acquittal in the Defendant's case.

The State of Florida now has pending before the Court a Motion for Rehearing and Clarification. The Court has carefully reviewed that Motion as well as the Defendant's response to it. Given the importance of what the Court has done in granting the Defendant's Motion, the Court feels that it is appropriate to address more fully in writing its reasons for so ruling and to clarify the scope of its previous Order.

The following facts as they relate to the Defendant's Motion are undisputed.

1. One Angel Fernandez was put on probation for various violations of the law in Case No. 88-5552-X.

2. On December 16, 1988 Mr. Fernandez was placed on community control for violating the terms and conditions of his probation.

3. Subsequent to being placed on community control Mr. Fernandez initiated contact with the Hillsborough County Sheriff's Office to become a confidential informant. His motivation for becoming a confidential informant was to attempt to relieve himself of the strictures of community contro. Thereafter, he became a confidential informant for the State of Florida with the knowledge, consent and approval of the Office of the State Attorney and the Judge who placed him on community control.

4. While a confidential informant, Mr. Fernandez became an active participant in the case involving the Defendant. That is, he acted as the "go-between" between the Defendant and law enforcement which culminated in the Defendant's purchase of a substantial quantity of cocaine from Detective William Stark of the Hillsborough County Sheriff's Office. Moreover, his interactions with the Defendant prior to the culmination of the criminal transaction at issue were not supervised by law enforcement in that his personal and telephonic contacts with the Defendant were not monitored either electronically or by surveillance. Indeed, Detective Stark, who had the responsibility of supervising Mr. Fernandez as a confidential informant, had no personal knowledge of what activity transpired between the Defendant and Mr. Fernandez leading up to the criminal transaction with which the Defendant has been charged.

5. The State Attorney's Office has listed Mr. Fernandez as a confidential informant on its Notice of Discovery as a person who has information relevant to the offense charged and to any defense with respect thereto. Indeed, the State has subpoenaed Mr. Fernandez as a

180

confidential informant as a witness on each occasion the Defendant's case has been set for trial.

6. The Defendant's attempt to depose Mr. Fernandez about his knowledge of the Defendant's involvement in this case was frustrated by Mr. Fernandez invoking his rights under the Fifth Amendment on advice of counsel. Given the fact that he is now suspected of criminal activity in connection with the Defendant's case (theft of a substantial sum of money, see paragraph 7 (d) below), the Court finds that Mr. Fernandez has a legitimate basis for invoking his Fifth Amendment right not to incriminate himself.

7. Following the arrest of the Defendant, Mr. Fernandez' relationship with law enforcement and the State Attorney's Office has deteriorated to the extent that:

a. Mr. Fernandez allegedly threatened Detective Stark. As a result of this threat Mr. Fernandez has been formally charged with a criminal offense which is now pending. Moreover, Detective Stark testified to this Court that he no longer vouches for the credibility of Mr. Fernandez.

b. The State Attorney's Office has objected to Mr. Fernandez being released on bond pending the resolution of certain new violations of his community control in Case No. 89-5552-X. These violations were committed while Mr. Fernandez was acting as an agent for the State of Florida.

c. The State Attorney's Office is no longer willing to vouch for Mr. Fernandez' credibility. In that regard the State Attorney's Office declined to prosecute two other individuals who were allegedly involved in this criminal venture with the Defendant because the testimony of Mr. Fernandez was essential to the case against them. Moreover, the State is now declining to call Mr. Fernandez as a witness against the Defendant. As stated in the State's Motion for Rehearing and Clarification the State "cannot vouch for the credibility of Angel Fernandez and does not intend to call him at trial."

d. The State Attorney's Office and Detective Stark suspect Mr. Fernandez of the theft of several thousand of dollars in connection with the transaction involving the Defendant.

e. The State of Florida announced that it will not confer immunity on Mr. Fernandez for his testimony at any pre-trial deposition or at the Defendant's trial.

Given these undisputed and unique facts the Court found and still finds that the State of Florida's intent not to confer immunity on Angel

Fernandez so that he can testify at the Defendant's trial amounts to an intentional distortion of the fact finding process. It is inconceivable to this Court that the State of Florida would enlist the aid of Mr. Fernandez to ferret out crime, would allow him to interact with the Defendant in an unsupervised manner, would allow him to pay a *substantial and active* role in the case against the Defendant, would rely on his credibility to lodge this most serious charge against the Defendant, would list him as a witness on its Notice of Discovery, and would subpoena him for trial as a State's witness, but now take the position that he is not to be believed and for that reason will not grant him immunity thus depriving the jury who is to decide the Defendant's fate of having the benefit of knowing what role Mr. Fernandez actually played in the Defendant's case. The Court found and so finds again that *Montgomery* and the cases cited therein compel this Court to require that the State of Florida either grant Mr. Fernandez immunity or suffer a judgment of acquittal.

That is, the Court finds and determines that the Defendant has made a prima facie showing by a preponderance of the evidence that prosecutorial misconduct in this case is directly responsible for preventing an essential witness, Mr. Fernandez, from giving relevant testimony at the Defendant's scheduled trial. *Accord, United States v Lord,* 711 F.2d 887, 891 (9th Cir. 1983) and *United States v Herrera-Medina,* 853 F.2d 564, 568 (7th Cir. 1988). Without the testimony of Mr. Fernandez, the Defendant would be deprived of a fair trial in violation of those rights guaranteed to him by the Sixth and Fourteenth Amendments to the United States Constitution and by Article 1, Sections 9 and 16 of the Florida Constitution and the only means available to remedy such a violation is to direct the State of Florida to grant Mr. Fernandez immunity or, failing such action by the State of Florida, to grant the Defendant a judgment of acquittal. *Montgomery,* pp. 391-392.

In its Motion for Rehearing and Clarification the State of Florida quite naturally takes issue with this Court's ruling. The State initially asserts that the holding of *Montgomery* is *obiter dicta.* The Court dismisses this assertion without further comment.

The State also claims by analogy to the area of the law relating to disclosure of a confidential informant that the Defendant must allege and swear to a specific defense before this Court can order it to either confer immunity upon Mr. Fernandez or suffer a judgment of acquittal. While this is a correct statement of the law it is an incomplete state of the law.

182

In *State v Zamora,* 534 So.2d 864 (3rd D.C.A. Fla. 1988) the Court recognized that pursuant to *Roviaro v United States,* 77 S.Ct. 623 (1957) there are circumstances in which disclosure of a confidential informant is essential to a fair determination of a cause based on due process considerations in the context of a Defendant receiving a fair trial and is not confined to a defense raised by a Defendant. *Zamora,* page 868. Under these circumstances disclosure is absolutely required and there is no need for the Court to examine the alleged exculpatory nature of the confidential informant's testimony. *Zamora,* page 869. As the Court in *Roviaro* held:

> Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, *or is essential to a fair determination of a cause,* the privilege must give way. 77 S.Ct. 628 (emphasis supplied).

In this case were the State of Florida resisting the disclosure of Mr. Fernandez as a confidential informant, it is clear based on the facts before this Court that his disclosure as a confidential informant would have been ordered on the basis that such a disclosure would be relevant to a fair determination of the case[1] and not simply because he may have information which is relevant and helpful to the defense. There would have been no need for the Defendant to allege and swear to a specific defense to obtain such relief. Thus, the State misses the point in its motion when it alleges the Defendant must set forth and swear to facts demonstrating a colorable defense before this Court can grant the relief prayed for. Indeed, *Montgomery* recognized that there is no requirement that the proferred testimony would be exculpatory or essential to the defense. The only requirement is that it be relevant to the Defendant's case. *Montgomery,* page 392, n. 7. In this case, although the proffer of the Defendant has been somewhat sketchy (due in great part to the Defendant's inability to depose Mr. Fernandez), given the totality of the facts it would be unreasonable to conclude that

---

[1] In the event that the State of Florida has failed to disclose the identity of Mr. Fernandez as a confidential informant in this case after being ordered to do so by this Court, it is clear that under *Roviaro* this Court would have had the authority to dismiss the information. 77 S.Ct. 628. *Accord, Xamora,* page 870. Thus, by analogy, it logically follows that if the State of Florida can suffer the dismissal of a criminal charge for failing to abide by a Court Order requiring the disclosure of a confidential informant based on considerations of insuring the Defendant a fair trial, it can also subject itself to the extreme sanction of suffering a judgment of acquittal should it fail to grant immunity to such a confidential informant to insure a fair trial for the Defendant.

183

the testimony of Mr. Fernandez would not be relevant to the Defendant's case.[2]

Finally, the State asserts that this Court should not require it to confer immunity on Mr. Fernandez for deposition purposes. The Court agrees. *Montgomery* was concerned only with insuring that at time of trial the Defendant's constitutional rights not be abridged by prosecutorial misconduct in not granting a witness immunity. Its holding was premises on constitutional considerations. To this Court's knowledge no Court has held that a Defendant has an absolute constitutional right to depose a witness prior to trial and this right is guaranteed in Florida only by Court rule. Indeed, the Court in *State v Gillesie,* 227 So.2d 550, 555 (2nd D.C.A. Fla. 1969) clearly held "that an accused has no constitutional right to pre-trial discovery." It logically follows that since no constitutional right is implicated in the deposition process, this Court does not have the authority to compel the State of Florida to grant Mr. Fernandez immunity for deposition purposes. However, in order to minimize any problems that the Defendant may confront in not having the opportunity to depose Mr. Fernandez pre-trial, the court may, if appropriate, call Mr. Fernandez as a Court's witness pursuant to Florida Statute 90.615(1).

Therefore, for the reasons expressed, it is ORDERED AND ADJUDGED as follows:

1. The Defendant's Motion to Compel be and the same is hereby granted to the extent that the State of Florida shall confer use and derivative use immunity on Angel Fernandez pursuant to Florida Statute 914.04 for any testimony he may give at the Defendant's trial. In the event that the State of Florida does not confer such immunity on this witness then it will suffer a judgment of acquittal as to the Defendant's case.

2. The State of Florida's Motion for Rehearing be and the same is hereby denied.

3. The State of Florida's Motion for Clarification be and the same is hereby granted and it shall not be required to confer use and derivative

---

[2] Although the Court realizes that the State of Florida claims it does not need the testimony of Mr. Fernandez to make its case against the Defendant (it has testimony of one police officer, Detective Stark, to testify the Defendant purchased cocaine from him in a hotel room while in the presence of Mr. Fernandez), it is clear to this Court that the State cannot present its case in the way it intends to do without bringing to the attention of the jury the substantial and active role Mr. Fernandez played in this case. Accordingly, to argue that Mr. Fernandez' testimony in this case would not be relevant is without merit. *Woods v State,* 355 So.2d 437 (4th D.C.A. Fla. 1978).

184

use immunity on Angel Fernandez for any testimony he may give at a pre-trial deposition in the Defendant's case.

4. Given appropriate circumstance at time of trial, the Court will consider calling Angel Fernandez as a Court's witness pursuant to Florida Statute 90.615(1).

DONE and ORDERED in in Tampa, Hillsborough County, Florida, this 18th day of September, 1989.